IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

DAWN WHITFIELD,

                Plaintiff,

   - against -

THE NEW YORK STATE CRIME VICTIMS
BOARD,
      - and -

TINA M. STANFORD,

                Defendants.

-----------------------------------------------------------x

COMPLAINT AND DEMAND FOR JURY TRIAL

Civil Action No.

CV-08-4602

MAUSKOPF, J.

Dawn Whitfield, by her undersigned counsel, Brown, Goldstein & Levy, LLP, and Cohen & Gresser LLP, hereby sues the New York State Crime Victims Board and its Chairwoman, Tina M. Stanford, in her official capacity, and hereby states:

## NATURE OF THE CASE

1. This is an action for declaratory and permanent injunctive relief and damages arising out of Defendants' purchase and installation of computer software that is inaccessible to Plaintiff as a result of a physical disability, but which Plaintiff is required to use for her job, in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

## PARTIES

2. Plaintiff Dawn Whitfield ("Ms. Whitfield") is an individual residing in the City of New York and State of New York and is an employee of the New York State Crime Victims Board. Ms. Whitfield, who earned a Master's Degree in Public

Administration, is blind and is a person with a disability within the meaning of the Rehabilitation Act of 1973, 29 U.S.C. §705(9)(B).

3. On information and belief, Defendant New York State Crime Victims Board (the "agency") is an agency of the State of New York and the recipient of federal funding. Because of its receipt of federal financial assistance, the New York State Crime Victims Board is subject to the provisions of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*

4. On information and belief, Defendant Tina M. Stanford, sued in her official capacity, is the Chairwoman of the New York State Crime Victims Board. On information and belief, Defendant Stanford has the authority to decide whether to accept federal funding.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendants maintain an office in the Eastern District of New York and a substantial part of the events and omissions complained of herein occurred within the Eastern District of New York.

## FACTS

7. Ms. Whitfield has worked for the New York State Crime Victims Board for more than 20 years, the past eight of them in its Brooklyn office, the address of which is 55 Hanson Place, 10th Floor, Brooklyn, NY 11217.

8. In her position as a claims assistant, Ms. Whitfield reviews claims by crime victims who have requested compensation; makes determinations about the victims' eligibility for compensation; and, if the victims are eligible, determines the proper

amount of compensation. To make these determinations, Ms. Whitfield must perform computerized research and review documents in computer databases maintained by New York State.

9. Blind individuals, including Ms. Whitfield, can and do use computer programs, including commercial applications designed to run under both the DOS operating system and the Windows operating system. The information that is displayed on the screen by the computer programs is made available non-visually to blind computer-users by means of a class of software referred to as "screen access programs." Screen access programs monitor the computer screen and convert the textual information displayed into synthesized speech or into Braille on a device known as a "refreshable Braille display."

10. From the time of her hiring until May 2008, Ms. Whitfield used a computer program that was accessible to her without difficulty to perform her work. In May 2008, however, Defendants implemented the use of a new computer system called "Claims Assistant," which Defendants purchased from a company named Emerging Soft (the "Emerging Soft Program"). The Emerging Soft Program is, as currently configured, inaccessible to the blind.

11. The inaccessibility of the Emerging Soft Program prevents Ms. Whitfield from performing her job effectively. For example, Ms. Whitfield is expected to put information about what reimbursements claimants are seeking into the Emerging Soft Program (*e.g.*, medical and funeral expenses and compensation for time lost from work as the result of crimes), but is unable to do so because the fields into which the information is to be placed are not identifiable by screen access software.

12. As a result of the inaccessibility of the Emerging Soft Program, Ms. Whitfield also is unable to create letters that must be sent to parties that are required to verify information provided by claimants. For example, employers and medical providers are sent letters seeking to confirm a claimant's employment status or medical bills. Ms. Whitfield was previously able to write those letters using Microsoft Word. Now, those letters are created with form-fields that are inaccessible to Ms. Whitfield. Another inaccessible feature is a task menu of 54 fields that can only be reviewed by repeated use of a tab key instead of direct navigation.

13. Certain other, overall design features of the Emerging Soft Program make it generally inaccessible. For example, instead of a uniform keyboard command to save information to the data base, different pages and windows require different commands for save. While on one page the keyboard command "control s" might be the save command, that same command might perform a search on another page. Similarly, while the keyboard command "control x" closes some pages the command "control f4" performs that command on other pages.

14. As early as 2006, Ms. Whitfield informed agency officials of the need to ensure that any computer software purchased for the agency was accessible to the blind. Before the Emerging Soft Program was implemented by Defendants, moreover, Ms. Whitfield cautioned her supervisors that its implementation would require the use of a consultant to assist in making the new program accessible to her.

15. After the Emerging Soft program was implemented, Ms. Whitfield asked that the agency hire a consultant both to train her in its use and to remediate its defects. Pursuant to her request, the agency hired a consultant, but that person quit after three

days. On information and belief, the consultant quit because he was unable to remedy the defects in the Emerging Soft program. Subsequently a different consultant was hired, who documented numerous defects in the Emerging Soft program but did not remedy them.

16. As the Emerging Soft program is now configured, Ms. Whitfield, among other things, is unable to independently: identify attachments to files; read attachments to files; scroll down through documents; and identify an edit box that would allow her to send a letter to a claimant. These deficiencies deny Ms. Whitfield meaningful access to the computer system that is required for her job. Because of the deficiencies in the Emerging Soft program, Ms. Whitfield has been unable to do little genuine work since May 2008 and is therefore denied meaningful access to her job as a claims assistant.

17. Plaintiff's difficulties with her employer and computer access are not limited exclusively to the Emerging Soft program. In February 2007, Plaintiff requested training in certain job functions that she is supposed to perform, including by way of example: obtaining criminal history information; and using a system known as LATSNET for her time keeping. Ms. Whitfield also requested that the agency make sure that the not-yet-implemented Emerging Soft program would be accessible to her and that she get training on it from someone who had experience in working with adaptive equipment.

18. The defects in the Emerging Soft Program were known to Defendants as early as December 2006.

19. Despite the Defendants' actual knowledge of the deficiencies in its computer systems and despite Plaintiff's years of requests for remediation, Plaintiff is still unable to independently perform the job for which she was hired and have meaningful access to her

employer's computer system. The Defendant has acted with deliberate indifference to Ms. Whitfield's known needs.

20. Without declaratory and injunctive relief, Plaintiff will continue to be unlawfully discriminated against in violation of the Rehabilitation Act.

## COUNT I
## (VIOLATION OF THE REHABILITATION ACT)

21. Paragraphs 1-17, *supra*, are hereby realleged and incorporated by reference.

22. Plaintiff is a qualified individual with a disability under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a), and its implementing regulations.

23. The New York State Crime Victims Board has received and continues to receive federal financial assistance and is therefore a recipient of federal financial assistance within the meaning of 29 U.S.C. § 794(b).

24. Defendants have violated Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, by

25. purchasing and implementing computer software that is inaccessible to Plaintiff and other blind individuals;

26. failing to modify computer software so that it is accessible to Plaintiff and other blind individuals; and

27. failing to provide adequate training to Plaintiff in use of the implemented software.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

(a)     Enter a permanent injunction requiring Defendants to modify the computer software that Plaintiff is required to use for her job so that the software is

independently accessible to Plaintiff and to provide Plaintiff with adequate training in the use of the software;

    (b)    Enter a Declaratory Judgment stating the Defendants have violated the Rehabilitation Act of 1973, 29 U.S.C. §794, by not providing Plaintiff with independent access to the computer software required to perform her job;

    (c)    Award Plaintiff compensatory damages;

    (d)    Award Plaintiff her reasonable attorneys fees and costs, pursuant to 29 U.S.C. §794a(b); and

    (e)    Award such other and further relief as justice may require.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial as to all triable issues.

Dated: New York, New York
       November 13, 2008

                                                  **COHEN & GRESSER LLP**

                                                  */s/ Alexandra Wald*

                                                  Mark S. Cohen (MC 9005)
                                                  mcohen@cohengresser.com
                                                  Elizabeth F. Bernhardt (EB 4637)
                                                  ebernhardt@cohengresser.com
                                                  Alexandra Wald (AW 0225)
                                                  awald@cohengresser.com
                                                  100 Park Avenue
                                                  New York, N.Y. 10017
                                                  (212) 957-7600